MARY BLANOS, PLAINTIFF-APPELLANT, v. EASTWOOD REALTY COMPANY, DEFENDANT-RESPONDENT.

Submitted May 31, 1935—Decided October 9, 1935.

For the appellant, *E. Robert Coven.*

For the respondent, *Edward F. Merrey.*

The opinion of the court was delivered by

HEHER, J. The primary question presented in this action in replevin is whether there was any evidence to sustain the judgment awarding to defendant the goods taken under the writ, and directing, in default thereof, an assignment of the bond to it. The issue was submitted to and determined by Judge Losey, sitting in the Circuit Court. A jury trial was waived.

These are the pertinent facts: On March 30th, 1931, the defendant corporation, by an indenture in writing, leased floor space in a manufacturing plant owned by it, situate in the city of Paterson, to one Samuel Cannel, trading as S. Cannel Silk Company, for a term expiring on June 30th, 1934, at a fixed annual rental, payable in monthly installments. In October, 1931, Cannel advised the defendant that he had taken a partner in the business, and had transferred his interest in the lease to the Candor Silk Company, Inc., a body corporate; and it was agreed that thereafter that concern would be billed for the rent. This course was pursued, and the subsequent payments of rent came from the Candor company. On May 22d, 1934, machinery owned by the Candor Company, and contained in the leased premises, was sold to plaintiff by the sheriff of the county of Passaic under a writ of execution issued upon a judgment recovered against that corporation. Rent for the six months immediately preceding the day of sale was in arrears; and on the following day, May 23d, the respondent landlord executed and delivered a warrant empowering its bailiff, nominated therein, "to distrain the goods and chattels of Candor Silk Company, Inc., * * *, formerly Samuel Cannel, trading as S. Cannel Silk Company, tenant," contained in the leased premises, for the sum of $2,052.74, the rent in arrears for the mentioned period plus sums due for electric current furnished by the landlord under the terms of the lease, and to cause the same to be appraised and sold for the satisfaction of the rent so in arrears, and the distress, appraisement and sale charges, "and to do all other acts and things which may by the said landlord be lawfully done for the collection of said rent by virtue of 'An act concerning

distresses' (Revision), approved March 27th, 1874, and any and all other statutes and laws." Pursuant to this authority the sheriff distrained, and gave notice. Thereupon plaintiff demanded possession of the goods distrained, and upon compliance being refused, sued out the writ of replevin.

The first insistence of appellant is that the chattels in question were not the property "of the defendant's tenant, and therefore, were not subject to the lien of the defendant for rent. * * *" But there was evidence tending to establish an assignment of the lessee's interest in the lease to the Candor company, and a new tenancy agreement between the assignee and the landlord. The evidence in this regard was uncontradicted; but in the contrary event, the finding of the requisite relationship would not be disturbed. It is elementary that at law findings of fact on conflicting evidence will not be reviewed on appeal.

Appellant does not assert a parol assignment of the lease in violation of paragraph 2 of the statute of frauds. 2 *Comp. Stat.* 1910, *p.* 2610. Even so, there was an executed common intent to terminate the contractual relationship between the landlord and the original tenant, and to create a new tenancy between the former and the assignee. There was, in substance and effect, a surrender of the original tenant's lease by act and operation of law, and the cited provision of the statute of frauds is therefore not applicable. *Miller* v. *Dennis,* 68 *N. J. L.* 320; *Meeker* v. *Spalsbury,* 66 *Id.* 60; *Ganz* v. *Elfenbein,* 94 *Id.* 445.

Secondly, appellant maintains that, assuming the relationship of landlord and tenant, the levy and sale by the sheriff constituted a "removal" of the goods within the intendment of paragraph 4 of the Landlord and Tenant act, Revision of 1877 (3 *Comp. Stat., p.* 3066), imposing upon the party at whose suit an execution, attachment or other process is sued out the obligation to pay the landlord the rent in arrears, not to exceed one year's, "before the removal of such goods from off the said premises," and that, therefore, the landlord acquired no lien by virtue of the distress warrant. Reliance is placed upon *Ryerson* v. *Quackenbush,* 26 *N. J. L.* 236; *Van Horn* v. *Goken,* 41 *Id.* 499; *Bryson* v. *Miller Realty*

*Co.,* 108 *Id.* 434; *Woodside* v. *Adams,* 40 *Id.* 417; *Schwartz* v. *King Realty, &c., Co.,* 93 *Id.* 111.

But the lien asserted by the landlord was indisputably created by the provisions of chapter 237 of the laws of 1933. *Pamph. L.* 1933, *p.* 637. This statute grants to the owner of a "mill, factory, loft and other manufacturing space * * * a lien on machinery and other chattels to the extent of the interest of the rentee in such machinery or other chattels for the amount of rent unpaid from date the rent is unpaid," which "shall have priority and be paramount to any title, lien, interest, mortgage, judgment or other encumbrance created or acquired after machinery or other chattels are placed in the premises; provided, however, that such priority shall extend only to the amount of unpaid rent for not more than six months." The applicability of this statute to the factual situation here presented is not challenged; but appellant insists (1) that this act was not invoked by respondent in the court below; (2) that respondent did not "perfect its lien by following the statute, which requires the rentor to expose or cause to be exposed such machinery or other chattels for sale at public auction, upon notice" given in the manner therein specified; and (3) that the respondent elected to distrain the goods and chattels under the Landlord and Tenant act referred to, and "is therefore estopped from setting forth any rights under the remedy that he might have pursued."

This claim is untenable. This is not the case of an irrevocable and conclusive election between co-existing and inconsistent remedial rights; it is rather, assuming appellant's premises, the assertion of a lien that is indubitably conferred by one statute under a mistaken notion by the lienor that it was created by another. No steps were taken by the lienor beyond the mere assertion of the lien. The writ of replevin intervened to prevent a sale under the applicable statute; and nothing was done that could be termed a disregard of the provisions of the act of 1933, *supra,* and therefore a waiver by the lienor of the lien created thereby. Nor is it reversible error that the trial judge and respondent's counsel misapprehended the statute which conferred the lien.

There has been no shifting of theories to the prejudice of appellant. The challenged judgment rests upon a well-founded lien; and it is of no moment now whether it springs from the one statute or the other. It should be observed, in passing, that the answer, in asserting the lien, invoked neither statute.

Lastly, it is maintained that the "court below erred in not determining and finding the amount of rent, if any, due to the defendant." Assuming, without deciding, that this question is properly raised, we find it to be devoid of merit. It was conceded that six months' rent was in arrears; the controversy respecting the *quantum* of the debt related solely to whether the sum due for electric power, supplied by the landlord to the tenant under the terms of the lease, was properly classable as rent, and therefore the subject of a lien under the statute. As amplified by appellant's counsel, her point is that "the power bill can in nowise be regarded as rent," because the lease does not so provide; that it is a mere "collateral covenant," in respect of which the status of the landlord, upon breach, is that of a general creditor only; and that the court below "should have decided this question in order to establish the amount of defendant's lien, if any." But appellant was not thereby prejudiced. The trial judge correctly concluded that, having found that rent was due, it was not incumbent upon him to determine the whole question of the *quantum* of the lien-secured debt. The finding was that, at the least, six months' rent at the rate of $200 per month was in arrears; and the respondent therefore had a lien upon the chattels which entitled it to possession. The parties were thereby remitted to their relative rights and obligations as they existed prior to the issuance of the writ.

Replevin is essentially a possessory action; the issue is the right of possession of the property. *Whitcomb* v. *Brant,* 76 *N. J. L.* 201; *McDade* v. *Reilly,* 102 *Id.* 268. The plaintiff here did not, before the issuance of the writ, tender to the landlord rent conceded to be in arrears, and secured by the statutory lien; it was denied that the chattels were so encumbered in any sum. In such a situation, the existence *vel non* of a lien entitling defendant to possession was the

issue; and judgment of possession in favor of the defendant was therefore proper.

Judgment affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 16.

*For reversal*—None.